DECISION
This is an appeal by defendant-appellant, Wallace B. James, from judgments of conviction and sentence entered by the Franklin County Court of Common Pleas.
On July 9, 1999, defendant was indicted on one count of possession of cocaine in common pleas case No. 99CR-3643. On October 19, 1999, defendant was indicted on one count of aggravated burglary, one count of kidnapping, and five counts of felonious assault in common pleas case No. 99CR-5573.
Both cases were scheduled for trial on May 17, 2000. On that date, defense counsel appeared before the trial court and requested a continuance, which the trial court denied. Prior to the jury being sworn in, the trial court adjourned the trial until the following day.
On May 18, 2000, defendant withdrew his previously entered plea of not guilty and entered a guilty plea to one count of kidnapping and three counts of felonious assault in case No. 99CR-5573. The court entered a nolle prosequi as to the remaining counts of the indictment in that case. The trial court sentenced defendant by judgment entry filed June 23, 2000. The court filed an amended judgment entry on September 19, 2000. On June 22, 2000, defendant entered a guilty plea to one count of possession of cocaine in case No. 99CR-3643, and the court sentenced defendant in that case by judgment entry filed June 23, 2000.
On appeal, defendant sets forth the following single assignment of error for review:
 THE COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF EFFECTIVE ASSISTANCE OF COUNSEL BY DENYING APPELLANT'S REQUEST FOR A CON-TINUANCE.
Under his single assignment of error, defendant contends that he was denied due process and the effective assistance of counsel when the trial court refused to sustain his motion for a continuance. Specifically, defendant argues that his request for a continuance was necessitated by counsel's failure to adequately prepare for trial, and that such ineffective representation affected the voluntariness of his plea.
The record indicates that on the date of the scheduled trial, May 17, 2000, counsel for defendant requested a continuance, citing several reasons. First, counsel stated that he had been appointed to the case on February 1, 2000, and that he had been busy on other cases. Counsel also indicated that his client desired to "hire private counsel and, also, to track down potential witnesses." (Tr. at 4.) Finally, counsel stated that he wanted time to file with the Ohio Supreme Court a motion requesting the recusal of the trial judge.
The state opposed the request for a continuance noting that the proceedings had been continued on three previous occasions at the request of the defendant. The prosecutor further noted that defendant had been arraigned on October 22, 1999, and the prosecutor argued that defendant had sufficient time "to come up with witnesses that he could have called on his behalf." (Tr. at 5.) Regarding defendant's desire for new counsel, the prosecutor argued that "if there was a conflict, that would have surfaced prior to the date of the trial." (Tr. at 5.)
The trial court noted on the record that defense counsel had "told the court in chambers that this case was going to trial today and it was not until after you had spoken to [defendant], who indicated that he had some witnesses who, to my recollection, he could not identify to you who these witnesses were, that you stated to the court that you may need a continuance." (Tr. at 5.) Defense counsel agreed with the court's representation of the earlier discussion, but counsel stated that, "even if no witnesses are found, I would feel more comfortable if I was a little more prepared to go forward with trial today." (Tr. at 6.) Defendant informed the court that he wanted new counsel because he had spoken with present counsel on just two occasions prior to the trial date. The trial court denied defendant's motion after stating its reasoning on the record.
In general, "[t]he grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." State v. Unger (1981), 67 Ohio St.2d 65, 67. In Unger, at 67-68, the court noted that, in evaluating a motion for a continuance, the factors to be considered by a trial court include:
 * * * [T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. * * *
In considering a claim of ineffective assistance of counsel, the Ohio Supreme Court has adopted the standard set forth in Strickland v. Washington (1984), 466 U.S. 668. State v. Bradley (1989),42 Ohio St.3d 136, 142. Under the Strickland test, "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." Bradley, paragraph two of the syllabus.
Regarding the trial court's denial of defendant's motion for continuance, we note the following facts. Defendant was indicted in case No. 99CR-3643 on July 9, 1999, and indicted in case No. 99CR-5573 on October 19, 1999. In October 1999, an attorney from the public defender's officer was appointed to represent defendant, but that counsel subsequently withdrew. Private counsel was appointed to represent defendant on February 1, 2000. In case No. 99CR-5573, the trial court granted continuances on December 13, 1999, February 28, 2000 and April 10, 2000.
As previously noted, on the day of the scheduled trial, May 17, 2000, counsel for defendant requested another continuance. Counsel first indicated that he had been busy on other cases, stating to the court, "[t]o say I am as prepared as I could be wouldn't necessarily be true, or to say I am as prepared as I always am for cases, would not necessarily be true." (Tr. at 2.) Counsel for defendant also informed the trial court that defendant wished to hire another attorney, and counsel indicated that, "I don't think he is very comfortable with me." (Tr. at 4.) Counsel also stated that defendant wished to "track down potential witnesses." (Tr. at 4.)
Upon review, we find no error by the trial court in denying defendant's motion for continuance. In the present case, defendant was aware that a jury trial had been scheduled for May 17, 2000, and counsel had represented defendant for more than three months prior to the request for a change of counsel. In considering defendant's request for a continuance, the trial court noted that counsel was careful "not to say that he is not ready to go to trial, but that he is not as ready as he would like to be." (Tr. at 9-10.) The court indicated that it was aware of the ability of counsel, and that "he is very good counsel." (Tr. at 10.) The trial court further noted that counsel had indicated in chambers that he was prepared to go to trial that day until defendant raised the issue of potential witnesses, and the court cited a lack of sufficient reasons given by defendant to substitute counsel "at this late date." (Tr. at 12.) Finally, the court noted that the case was seven months old, defendant was currently out on bond, and that the court had "limited availability to try cases when an individual is out on bond, and we have a courtroom available today for this case to be tried." (Tr. at 12.)
Under these circumstances, the trial court's failure to grant a continuance based on defendant's request for new counsel did not constitute an abuse of discretion. The request for new counsel on the day of trial implicates concerns noted by the court in Unger, supra, at 67, including "a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Moreover, the record shows that defendant contributed to the circumstances giving rise to the request for continuance by his lack of diligence in failing to seek a change of counsel until the day of the trial. We also find no error with the trial court's determination that defense counsel, while indicating that he might not be as ready as he would prefer, nevertheless was prepared to go forward with the trial. Counsel acknowledged on the record that he had indicated to the trial court, in chambers, on the morning of trial that he was prepared to go to trial "until these matters came up about the potential new witnesses." (Tr. at 6.)
Regarding the issue of possible witnesses, defense counsel acknowledged that "[w]e have no potential identity." (Tr. at 6.) Rather, he stated that "what it would be is * * * going back to the neighborhood and talking to people and seeing if anybody did witness this and then them becoming witnesses." (Tr. at 6.) Further, although defendant apparently indicated to counsel during the proceedings that he knew of potential witnesses, counsel acknowledged that the first time defendant told him of these possible witnesses was on the morning of trial. In considering defendant's claim of potential witnesses, the trial court was influenced by the fact that counsel had represented defendant for over three months, that defendant had access to discovery, and that it was not until the day of trial that defendant indicated that he "may have some witnesses somewhere to help him." (Tr. at 11.) Again, the record indicates that defendant contributed to the circumstance causing the request for continuance by failing to inform his counsel until the date of trial about purported witnesses. Further, defendant failed to provide the trial court with any specificity regarding the identity or possible availability of any potential witnesses.
Based on the record in this case, including the trial court's granting of three prior continuances, defendant cannot show that the trial court abused its discretion in denying the motion for continuance.
We further find no merit to defendant's claim of ineffective assistance of counsel. As acknowledged by defendant, the record before this court does not contain any exchanges between counsel and defendant indicating the reasoning as to why defendant decided to forego a trial and enter guilty pleas in the cases. Defendant suggests that it is "reasonable to infer" that trial counsel's failure to be prepared for trial affected the voluntariness of his pleas.
Despite defendant's contention that his counsel was unprepared, we have previously found that the record supports the trial court's determination that counsel was competent and ready to proceed with the trial of this matter. Nor does the record before this court establish that defendant's plea was induced by either the trial court's denial of the continuance or counsel's purported lack of preparation to proceed with the trial. We note that, to the extent that defendant's claim of ineffective assistance of counsel may rely upon matters not appearing in the record, defendant's remedy would be to seek post-conviction relief; however, this court will not infer the reasoning behind defendant's decision to enter a plea. In considering the record properly before us, the transcript indicates that defendant entered guilty pleas in both cases without expressing any reservations. Further, the plea discussions covered defendant's constitutional rights, the charges under the plea agreement and possible sentences. Defendant indicated that he understood the agreement and the waiver of his constitutional rights, and that he was making the decision to enter the pleas freely and voluntarily. Here, defendant has failed to show either that his counsel's performance was deficient or that he was prejudiced by counsel's performance.
Based upon the foregoing, defendant's single assignment of error is overruled and the judgments of the Franklin County Court of Common Pleas are hereby affirmed.
Judgments affirmed.
TYACK BROWN, JJ., concur.